1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    JAMES ALLEN KINNEY,

11                              Petitioner,

CASE NO. 2:24-cv-01680-DGE-DWC

         v.

12    STATE OF WASHINGTON,

REPORT AND RECOMMENDATION

Noting Date: November 6, 2024

13                              Respondent.

14

15        The District Court has referred this federal habeas action to United States Magistrate

16   Judge David W. Christel. Petitioner James Allen Kinney proceeding *pro se*, has filed a motion to

17   proceed *in forma pauperis* ("IFP") and a proposed § 2254 habeas petition. Dkt. 1, 1-1. Upon

18   review of his proposed petition, the Court concludes the petition is second or successive and

19   Petitioner is therefore not entitled to habeas relief.

20        Accordingly, the undersigned declines to order service upon Respondent pursuant to Rule

21   4 of the Rules Governing § 2254 cases ("Habeas Rules"), recommends the proposed petition

22   (Dkt. 1-1) be dismissed without prejudice for lack of jurisdiction and further recommends the

23   IFP motion (Dkt. 1) be denied as moot.

24

REPORT AND RECOMMENDATION - 1

## I.    Background

Petitioner is currently in custody at Stafford Creek Corrections Center, where he is serving a sentence of life without parole arising out of his 2002 state court conviction for aggravated first degree murder entered in *State of Washington v. James Allen Kinney*, Superior Court of Whatcom County Cause No. 98-1-01049-8 (filed Oct. 8, 1998). Although his precise grounds for relief are difficult to discern, Petitioner contends that he was acting as a special investigator for former United States President Ronald Reagan when he engaged in the underlying conduct for his state-court conviction. *See* Dkt. 1-1 at 6.

From 2008 until present, Petitioner filed at least three separate federal habeas actions challenging the same state court conviction. *See Kinney v. Sinclair*, No. 08-cv-489-RAJ (W.D. Wash. filed Mar. 27, 2008); *Kinney v. Setter, et al.*, No. 2:13-cv-00441-JCC (W.D. Wash. filed Mar. 11, 2013); *Kinney v. Key*, No. 2:17-cv-01040-RAJ (W.D. Wash. filed Jul. 7, 2017) (hereinafter "first," "second," and "third petition," respectively).

After Petitioner filed his first petition in March 2008, he moved for voluntary dismissal, and the first petition was dismissed without prejudice. *Kinney*, No. 08-cv-489-RAJ, at Dkts. 37, 41 (dismissed on Oct. 16, 2008).

His second petition was filed in March 2013. The Court assessed the second petition on the merits and concluded the grounds raised therein were untimely, unexhausted, procedurally barred, and nonviable. *Kinney*, No. 2:13-cv-00441-JCC, at Dkts. 7, 10, 11. The second petition was dismissed with prejudice on May 29, 2013. *Id.*

Petitioner filed the third petition in July 2017. *Kinney*, No. 2:17-cv-01040-RAJ, Dkt. 1. After finding the third petition was second or successive, the Court concluded it was without jurisdiction to consider the claims raised therein and referred the matter to the Ninth Circuit

REPORT AND RECOMMENDATION - 2

1    Court of Appeals under Ninth Circuit Rule 22-3, and administratively closed the action on July

2    27, 2017. *Id.* at Dkts. 24, 27.

3         Now, over sixteen years after filing his first petition, Petitioner filed a proposed fourth

4    petition. Dkt. 1-1 The Court now screens the proposed fourth petition to determine whether

5    ordering service upon Respondent is appropriate under Rule 4 of the Habeas Rules.

6    **II.      Legal Standard**

7         Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review

8    of habeas petitions. The Rule specifically directs the Court to dismiss a habeas petition before the

9    respondent is ordered to file a response, if it "plainly appears from the petition and any attached

10   exhibits that the petitioner is not entitled to relief in the district court." Specifically, "dismissal is

11   required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive

12   grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous

13   or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431

14   U.S. 63, 75–76 (1977)).

15        A petition must also comply with the other Habeas Rules. Under Rule 2(a) of the Habeas

16   Rules, "the petition must name as respondent the state officer who has custody." Further, the

17   petition must:

18        (1) specify all the grounds for relief available to the petitioner; (2) state the facts
          supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or
19        legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or
          person authorized to sign it for the petitioner under 28 U.S.C. § 2242.
20
21   *Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district

     court or the form attached to the Habeas Rules. *Id.* at Rule 2(d). Finally, Rule 9 of the Habeas
22
     Rules provides:
23

24

1    Before presenting a second or successive petition, the petitioner must obtain an
2    order from the appropriate court of appeals authorizing the district court to consider
     the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

3    Failure to obtain circuit court approval deprives the district court of jurisdiction over a

4    successive petition and necessitates dismissal. *See Magwood v. Paterson*, 561 U.S. 320,

5    331 (2010).

6    **III.    Discussion**

7        The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a

8    gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

9    of the exceptions outlined in 28 U.S.C. § 2244(b)(2).

10        "The bar of successive petitions applies only to petitions adjudicated and denied on the

11   merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30

12   (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition

13   is 'on the merits' if the district court either considers and rejects the claims or determines that the

14   underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028,

15   1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). Thus,

16   adjudication on the merits occurs when a prior petition is dismissed with prejudice because a

17   procedural default forecloses review by federal courts. *McNabb*, 576 F.3d at 1029. If a prior

18   petition was a "mixed petition" raising both exhausted and unexhausted claims, the dismissal of

19   any claim with prejudice will trigger the bar of successive petitions. *Burton v. Stewart*, 549 U.S.

20   147, 154 (2007). Additionally, when a prior habeas petition is dismissed as untimely, the

21   dismissal constitutes a resolution on the merits and a permanent bar to successive petitions.

22   *McNabb*, 576 F.3d at 1030.

23        "A habeas petition is second or successive only if it raises claims that were or could have

24   been adjudicated on the merits" in the prior petition. *Id.* at 1029; *see also* 28 U.S.C. § 2244

REPORT AND RECOMMENDATION - 4

1   (claims are successive and barred unless the petitioner shows the claim "relies on a new rule of

2   constitutional law" or "the factual predicate for the claim could not have been discovered

3   previously through the exercise of due diligence.").

4         Before a petitioner is allowed to file a second or successive petition, he must obtain an

5   order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C.

6   § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525

7   F.3d 886, 888 (9th Cir. 2008). In the absence of an such an order authorizing review, a district

8   court lacks jurisdiction to consider a second or successive petition. *See Magwood*, 561 U.S. at

9   331; *Burton*, 549 U.S. at 157. Stated another way, this Court is unable to review habeas claims

10   that could have been brought in a prior petition, unless the petitioner first obtains permission

11   from the Ninth Circuit to file a successive petition.

12         Accordingly, in determining whether it can consider a potentially successive petition, the

13   Court asks three questions: (1) was a prior petition adjudicated on the merits? (2) could the

14   habeas claims raised in the new petition have been raised in a prior petition? and (3) did the

15   petitioner obtain permission to file the new petition? If the first and second questions are

16   answered in the affirmative, the answer to the final question must also be "yes." Otherwise, the

17   Court lacks jurisdiction, and the successive petition must be dismissed.

18         Here, the answer to the first question is "yes." Petitioner's second petition was a "mixed

19   petition," raising both exhausted and unexhausted claims, and his exhausted claims were denied

20   on the merits as untimely, procedurally barred, and nonviable. *Kinney*, No. 2:13-cv-00441-JCC,

21   at Dkts. 7, 10, 11.

22         Thus, the Court proceeds to the second question: could the habeas claims brought in the

23   proposed fourth petition have been raised in the second petition? If true, the factual predicate of

24

1    Petitioner's requests for relief in the fourth petition (*i.e.*, that he was acting as an undercover

2    government operative when he committed the underlying offense) would have been known to

3    him at the time he filed his second petition.[1] In fact, this is the same factual predicate for

4    Petitioner's requests for relief in his third petition, which this Court founds to be successive. *See*

5    *Kinney*, No. 2:17-cv-01040-RAJ, at Dkt. 4 at 9 (asserting that, at the time of his conviction and

6    arrest, Petitioner was acting under orders of the United States President and thus entitled to

7    absolute immunity for his crimes). As with his successive third petition, Petitioner does not

8    sufficiently explain why the claims presented here could not be raised in his second petition. He

9    merely avers that, over the past twenty years, various bad actors interfered with his ability to

10   send and receive legal mail. *See* Dkt. 1-1. Thus, the Court finds the answer to the second

11   question is "yes" as claims asserted in the proposed fourth petition could have been brought in a

12   prior petition.

13       Therefore, the Court proceeds to the third and final question: did Petitioner obtain

14   permission before filing his proposed fourth petition? The answer is "no." There is no evidence

15   or allegation Petitioner obtained permission from the Circuit Court before filing his proposed

16   fourth petition. Petitioner's failure to obtain Circuit Court permission deprives the Court of

17   jurisdiction over his successive petition. Accordingly, the undersigned recommends dismissing

18   this action without prejudice for lack of jurisdiction.

19   **IV.    Certificate of Appealability**

20       Petitioner may only appeal a district court's dismissal of his federal habeas petition after

21   obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. §

22

23       [1] The Court need not accept fanciful or delusional allegations as true. *Dopp v. FBI*, No. 2:20-CV-00063-BLW, 2020 WL 8836046, at *1 (D. Idaho June 25, 2020) (noting that claims that are "implausible, frivolous, [and] fanciful" are subject to summary dismissal under Rule 4 of the Habeas Rules). However, whether Petitioner has

24   stated a viable claim for relief in his successive petition is beyond the scope of this report and recommendation.

2253(c). "A certificate of appealability may issue…only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the proposed fourth petition is second or successive and that this action should be dismissed for lack of jurisdiction. Therefore, Petitioner is not entitled to a certificate of appealability with respect to his proposed fourth petition.

**V.    Conclusion**

For the reasons outlined above, Petitioner is not entitled to habeas relief as the Court lacks jurisdiction over his proposed fourth petition. Thus, in accordance with Rule 4 of the Habeas Rules, the Court declines to serve the petition and, instead, recommends this action be dismissed without prejudice, the IFP motion (Dkt. 1) be denied as moot, and a certificate of appealability be denied in this case.

As explained above, if Petitioner wishes to file a second or successive petition in this Court, he must first obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Objections to this Report and Recommendation, if any, should be filed with the Clerk not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections

REPORT AND RECOMMENDATION - 7

should be noted for consideration on the District Judge's motions calendar **fourteen (14) days**

from the date they are filed. Responses to objections may be filed by **the day before the noting**

**date**. If no timely objections are filed, the matter will be ready for consideration by the District

Judge on **November 6, 2024**.

Dated this 22nd day of October, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8